*Twenty-first Judicial District*

# Court of Common Pleas of Schuylkill County.

## THE CITY OF PHILADELPHIA v. PATRICK DONAHOE, Supervisor of Mahanoy Township.

Where the title of an act was "A Supplement to an act entitled an act authorizing the supervisor of New Castle township, Schuylkill county, to make, repair, and keep in good order and condition the public roads, bridges, and culverts, in said township;" and the supplement extended the provisions of the New Castle act to Mahanoy township, without mentioning Mahanoy township in the title: *Held*, that the title did not clearly express the subject, and was in conflict with section 8th, of article 11th, of the constitution of Pennsylvania, adopted in 1864.

Petition for a mandamus.

Opinion delivered January 6th, 1873, by

WALKER, J. The petition of the plaintiff for a mandamus (among other things) sets forth that the supervisor of Mahanoy township is acting in disregard and violation of the provisions of the act of Assembly, approved the 19th January 1860, P. L. 4, requiring him to sell the making and repairing of the public roads, in Mahanoy township, Schuylkill county at public outcry, to the lowest and best bidder; that he alleges, in justification of his neglect, that the act aforesaid was repealed by an act approved the 29th March, 1872 (P. Laws, 651,) and that this act (the act of 29th March, 1872) is in violation of the 8th section of the 11th article of the constitution of Pennsylvania, adopted in 1864, which provides that "No bill shall be passed by the Legislature containing more than one subject—*which shall be clearly expressed in the title*—except appropriation bills."

To this petition the defendant has, in substance, demurred.

The constitutionality of the last mentioned act is, therefore, raised.

The title of the act is "A supplement to an act entitled an act authorizing the supervisor of New Castle township, Schuylkill county, to make, repair and keep in good order and condition, the public roads, bridges, and culverts in said township."

The original act was approved 6th May, 1871 (P. L. 583,) and relates to the roads in New Castle; and by this supplement, the provisions of the act of 1871 are extended to the township of Mahanoy in the act *itself*, though not mentioned in the title.

Hence the constitutional objection.

The wisdom of this amendment must be apparent to every one acquainted with the crude, hasty and improper legislation not inappropriately called "omnibus" bills, for years before its adoption.

This evil the amendment was intended to remedy. Its object was to guard against the passage of acts of a different nature from that expressed in the title, and to give the public notice of their true purport and design.

And the courts, therefore, should give the amendment a construction (if there be room for the construction of such plain and intelligible words,) to accomplish the purposes intended.

Amendments similar to this have been embodied into the constitutions of New York, New Jersey, Maryland, Indiana, Iowa, and other States.

Does the title, then, in the case before us, *"clearly express the subject?"* If it be imperfectly or ambiguously expressed, the act is null and void.

But the subject is not expressed at all, and the title, therefore, tends to mislead.

No one reading the title can say that the act had reference to any other township than that of New Castle.

No amount of intelligence in any person would lead him to suppose that the supplement referred to Mahanoy township, any more than any other township in the State—without reading the act itself.

But he is not required to read the act—he may stop after reading the title—*and a subject not therein contained is expressly and by positive words excluded.*

But this question has been settled by the Supreme Court in the appeals of the Union Passenger Railway Company, reported in the Legal Intelligencer of the 29th November, 1872, in which Justice Agnew holds, "that a title of a bill which tends to mislead, stands upon a different footing from one that is merely general in its terms." "When the title (he says) conveys the belief that one subject is the purpose of the bill, while another and different one is its real subject, it is evident that it

tends to mislead, by diverting the attention from the true object of the legislation."

Neither does the case of Blood v. Mercelliott, 9 P. F. Smith, 391, conflict with these views.

Judge Agnew has fully shown that it does not, in the appeals of Dorsey & McMakin, and Donnelly & Co., in an opinion delivered 4th November, 1872, and reported in the same paper. Blood v. Mercelliott was a case "*standing on the border of the constitution*," as he appropriately says.

Judge Pierce, on these appeals, rules the case of the Commonwealth v. Dickinson, which is published in the LEGAL GAZETTE of 20th December, 1872.

These authorities are conclusive, and fully warrant the court in declaring the act in question unconstitutional, and in granting the alternate mandamus as prayed for by the petitioner.

Alternate mandamus *granted*.

*Hon Edward O. Parry* and *James Ellis, Esq.*, for petitioner; *Charles D. Hipple, Esq.*, for respondent.